UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION

ARLANDO VAIL, SR.,                    )
                                      )
            Plaintiff,                )
                                      )
      v.                              )    No. 4:11-CV-255-AGF
                                      )
22ND JUDICIAL CIRCUIT COURT OF        )
MISSOURI, et al.,                     )
                                      )
            Defendants.               )

                         **MEMORANDUM AND ORDER**

     This matter is before the Court upon the application of Arlando Vail, Sr. (registration no. 56444) for leave to commence this action without payment of the required filing fee.

                         **28 U.S.C. § 1915(b)(1)**

     Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period.  See 28 U.S.C. § 1915(b)(1).  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  See 28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner

will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $43.33, and an average monthly account balance of $10.03. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $8.67, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992).

**The complaint**

Plaintiff, an inmate at the St. Louis City Justice Center, seeks monetary relief in this action against defendant 22nd Judicial Circuit Court of Missouri, Erin Milligan, Donald McCullin, Mahrya Fulfer, Bryon Sanger, and Steven Ohmer. Plaintiff briefly alleges that he was denied his right to a speedy trial, and his attorney did not prepare for trial.

Having carefully reviewed plaintiff's allegations, the Court concludes that the complaint is legally frivolous. Missouri courts are not suable entities under § 1983. <u>See</u> <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 63 (1989) (state is not a "person" under § 1983); <u>Alsbrook v. City of Maumelle</u>, 184 F.3d 999, 1010 (8th Cir. 1999) (en banc) (§ 1983 suit cannot be brought against state agency), <u>cert. dismissed</u>, 529 U.S. 1001 (2000).

Moreover, there is no indication that the remaining defendants are state actors, <u>see</u> <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981)(to state § 1983 claim, plaintiff must first establish that a person acting under color of state law committed actions

which form the basis of the complaint), <u>overruled on other grounds</u>, <u>Daniels v. Williams</u>, 474 U.S. 327, 328 (1986), and even if they were, plaintiff's allegations fail to state a § 1983 claim or cause of action against them. <u>See</u> <u>Martin v. Sargent</u>, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); <u>Boyd v. Knox</u>, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits); <u>see also</u> <u>Polk County v. Dodson</u>, 454 U.S. 312 (1981) (actions of public defender performing traditional functions of attorney do not constitute action under color of state law); <u>Myers v. Vogal</u>, 960 F.2d 750, 750 (8th Cir. 1992)(attorneys, whether appointed or retained, who represented plaintiff in criminal proceeding did not act under color of state law and were not subject to suit under § 1983); <u>Harkins v. Eldredge</u>, 505 F.2d 802, 803 (8th Cir. 1974) (conduct of counsel, either retained or appointed, in representing client does not constitute action under color of state law).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $8.67 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED** as moot.

A separate order of dismissal shall accompany this memorandum and order.

Dated this 12th day of May, 2011.

_/s/ Audrey G. Fleissig_
**UNITED STATES DISTRICT JUDGE**